

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2007

# Chandra v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3365

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chandra v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-3365

DANIEL RICHARD CHANDRA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA File No. A96 264-855

SUBMITTED PURSUANT TO THIRD CIRCUIT LAR 34.1(a)
March 2, 2007

BEFORE: SCIRICA, <u>Chief Judge</u>, McKEE and NOONAN*, <u>Circuit Judges</u>

(Filed: March 15, 2007)

OPINION

McKee, <u>Circuit Judge</u>

 Daniel Richard Chandra petitions for review of a decision of the Board of

Immigration Appeals affirming the Immigration Judge's denial of his petition for relief

_____

 *The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

from removal. For the reasons that follow, we will dismiss the petition.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or procedural background except insofar as may be helpful to our brief discussion. When the BIA affirms the decision of an Immigration Judge by adopting that decision as the rationale of the Board without independent analysis, we review the Immigration Judge's opinion as the BIA's decision. *Korytnyuk v. Ashcroft*, 396 F.3d 272, 286 (3d Cir. 2005). The Immigration Judge's findings of fact are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir. 2004).

Chandra is a native and citizen of Indonesia and entered the United States pursuant to a visitor's visa on November 13, 2000. That visa permitted him to remain in the United States until May 12, 2001. He remained beyond the time authorized by the visa and filed a petition for asylum on March 19, 2003. The Immigration Judge ruled that the asylum petition was untimely because it was not filed within one year of his arrival, and Chandra did not demonstrate circumstances which would excuse the untimely filing. *See INA §§ 208(a)(2)(B).* Although Chandra now argues that the Immigration Judge erred in denying his petition for asylum, his opening brief ignores the fact that we are without jurisdiction to consider the Immigration Judge's denial of asylum based upon the untimely filing. Moreover, although the untimely filing of the asylum petition does not preclude Chandra from applying for withholding of removal or relief under the

Convention Against Torture, his opening brief barely addresses those two grounds for relief. Although Chandra did expand his claim for withholding of removal in a supplemental brief, there is no discussion of his claim for relief under the CAT. Accordingly, that claim has been waived. However, for the reasons which we set forth below, even if the claim were not waived, we would conclude that the Immigration Judge correctly concluded that Chandra did not sustain his burden of establishing his entitlement to relief.

Chandra's claim rests upon his asserted fear of discrimination from Indonesian Muslims based upon his Chinese ethnicity and his Christian faith. The Immigration Judge viewed the latter claim with scepticism because, although Chandra testified that he attends church, he was not able to corroborate the claim. He even had difficulty identifying the church he purportedly attended. He initially testified that he attended the "Indonesian Pentecost Church," but then testified that the church he attended was the "Immanuel Pentecost Church." Although he attempted to explain the discrepancy by testifying that, "Immanuel," is the church's "leader," the Immigration Judge was skeptical, and we can not fault his skepticism. When asked why he could not obtain verification of church membership, Chandra testified that he had not been a church member long enough. The Immigration Judge found the absence of corroboration significant given Chandra's inability to consistently name the church he attended.

Chandra also testified to several incidents including robbery, threats against his

life, and assault. In one of the robberies his motorcycle was stolen. However, Chandra testified that police arrested one of the perpetrators. The fact that police took action and actually arrested someone for the theft undermined his claim of persecution. Accordingly, the incidents only rose to the level of his being a victim of street crime.

Chandra also testified that he feared that upcoming elections would spark civil unrest that would result in him being targeted because of his Chinese ethnicity. However, according to the State Department Country Reports, the last election in Indonesia in 1999 had been monitored and determined to be open and fair.

Although the Department of State 2003 Religious Freedom Report did note episodic religious problems in areas of Indonesia since 2002, that report also noted advances in religious tolerance and cooperation during 2002.

In denying Chandra's asylum application because it was untimely, the Immigration Judge ruled in the alternative that the application would have been denied even if timely filed because his claims of religious persecution were not credible became Chandra's testimony only established criminal activity which could impact any citizen of Indonesia. The Immigration Judge ruled that Chandra's claims for withholding of removal and CAT relief must also fail absent credible evidence of persecution or the threat of torture. We agree.

Moreover, although Chandra did request relief under the Convention Against Torture, nothing in the record supports a finding of a likelihood of his being tortured

4

upon his return to Indonesia.  Accordingly, that claim for relief was also properly rejected.

For the reasons set forth above, the petition for review will be dismissed.